**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER HERNANDEZ-CORONA, | No. 21-603 |
| Petitioner, | Agency No. A205-699-970 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023**
Seattle, Washington

Before: W. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

Javier Hernandez-Corona, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming the denial of

his applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). The BIA dismissed Hernandez-Corona's appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and CAT relief. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the factual findings that a petitioner has not established eligibility for asylum, withholding of removal, or CAT relief for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). Our review is limited to the BIA's decision except where the BIA expressly adopted the IJ's opinion. *Id.*

Substantial evidence supports the agency's denial of asylum and withholding of removal. For both asylum and withholding of removal, petitioners must establish that their proposed social group is: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (internal quotation and citation omitted). The BIA found that Hernandez-Corona's three proposed social groups—"Mexican deportee

2

who has long-standing ties to the United States," "returning Mexican who has lived in the United States more than twenty years," and "male Mexican returnee with long-term United States residence"—were not socially distinct in Mexican society. The country conditions reports in the record establish that deported individuals may be targets for gang activity, theft, and violence. But Hernandez-Corona did not provide sufficient evidence that Mexican society views this group as distinct. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020) ("Nguyen bears the burden of proving the alleged 'particular social group' is particularized, socially distinct, *and* based on an immutable characteristic. He failed to satisfy that burden.").

Substantial evidence also supports the denial of CAT protection. Hernandez-Corona argues that his expert report establishes a greater than 50% likelihood of future torture because it shows that the police willfully ignore crime. Record evidence does demonstrate general police ineffectiveness in addressing gang activity and violence towards deported individuals. But Hernandez-Corona has not shown that there is a particularized risk to him. *See, e.g., Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) ("[T]he country conditions evidence acknowledged crime and police corruption in Mexico generally, as well as higher rates in Tijuana. But the evidence fails to show that

3

Petitioner faces a particularized, ongoing risk of future torture."); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) ("Police ineffectiveness is not enough to establish an entitlement to relief . . . ."). The record thus does not compel a finding that Hernandez-Corona would more likely than not be tortured with the consent or acquiescence of a public official. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION DENIED.**